DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court, Domestic Relations Division, judgment which relates to the divorce between Violet L. Parker, plaintiff below and appellee herein, and Vernon R. Parker, defendant below and appellant herein. The trial court, after remand, determined that appellant was not entitled to $33,985.96 traceable as his separate property.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO FOLLOW THE MANDATE OF THE COURT OF APPEALS ON REMAND."
SECOND ASSIGNMENT OF ERROR:
 "THE JUDGMENT OF THE TRIAL COURT REINSTATING THE PRIOR ORDER OF THE COURT REQUIRING APPELLANT TO PAY THE SUM OF $18,226.50 TO APPELLEE AND IN FINDING THAT APPELLANT MADE A GIFT TO APPELLEE. [SIC]"
On November 28, 1998, the trial court granted the parties a divorce. As part of its order, the trial court issued findings relating to the division of the parties' marital and separate property. On December 9, 1998, appellant appealed the judgment. On June 8, 2000, this court reversed the judgment and remanded the case to the trial court. SeeParker v. Parker (Jun. 8, 2000), Scioto App. No. 98CA2628, unreported. On remand, we noted that the trial court must provide an explanation for its decision not to award $33,985.96 to appellant as his separate, traceable property. We stated that the trial court "erred in `transmuting the appellant's payment of separate funds in the sum of $33,985.96 into a marital asset in the absence of some finding to explain its failure to award a set-off of that amount against the marital equity in the trailer." Additional facts relevant to the instant appeal may be found in our prior decision.
On March 21, 2001, the trial court addressed the issues raised in the remand. The court candidly noted that it did not, as R.C. 3105.171(D) requires, sufficiently explain its reasons for determining that appellant should not be distributed his separate property. The trial court then explained that appellant is not entitled to the sum as his separate property because appellant intended the money to be a gift to appellee. Based upon the evidence presented at the previous hearing, the court found that appellant "knew the mobile home was titled in both names, considered it `our home,' and knew that it was the marital home and a marital asset." The court further noted that appellant used the money that was traceable as his separate property to pay off the mortgage approximately four years prior to the filing of the divorce and that appellant kept the money he deemed separate in a separate bank account to which appellee lacked access.
Appellant now appeals the trial court's judgment holding that appellant is not entitled to the $33,985.96 as his separate property.
 I
In his first assignment of error, appellant asserts that the trial court erred by failing to follow the directive stated in our remand. We disagree with appellant.
Our remand required the trial court to explain its reasons for not awarding appellant $33,985.96 as his separate property. In its detailed judgment entry, the trial court complied with our directive. We therefore overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant argues that the trial court erred by finding that appellant intended the $33,985.96 to be a gift to appellee. Appellant asserts that by paying off the mortgage on the marital home, he did not intend to make a gift to appellee. Appellant further asserts that no evidence exists to support a finding of a gift.
R.C. 3105.171(D) requires that a trial court make written findings and explain the factors that it considered when making a determination that one spouse's separate property should not be distributed to that spouse. We note that a trial court is vested with broad discretion in dividing marital and separate property in order to effect an equitable result. SeeGuziak v. Guziak (1992), 80 Ohio App.3d 805, 610 N.E.2d 1135. As the court explained in Guziak:
 "R.C. 3105.171(C) and (D) requires only that the court start from the premise that marital property should be equally divided between the spouses, with each spouse receiving his or her own separate property. The court may make a distributive award of one spouse's separate property to `facilitate, effectuate, or supplement a division of marital property.' R.C. 3105.171(E)(1). When a distributive award is made the court `shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse.' R.C. 3105.171(D). Subsection (F) lists eight factors, which are exemplary only, for the court to consider in deciding whether to make a distributive award."
Id., 80 Ohio App.3d at 813, 610 N.E.2d at 1141.
In the case sub judice, we believe that the trial court sufficiently set forth its reasons for not awarding appellant his separate property.[1]
The trial court's detailed analysis included a review of the factors that it considered in fashioning the property distribution. The court noted many underlying facts regarding appellant's use of his separate property, of his efforts to maintain the separate nature of a portion of his separate property, and the relevant time frames. After our review of the record and the trial court's judgment, we believe that the trial court properly exercised its discretion in fashioning an equitable division of property. See, e.g., Hess v. Peltier (Jun. 20, 1996), Franklin App. No. 95APF09-1222, unreported (finding trial court did not err by finding husband made gift of condominium to wife).
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed. Appellee shall recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] The trial court's March 21, 2001 judgment entry provides in pertinent part:
 "For years, plaintiff raised the child of the parties and other children of each of them under very poor living conditions in a small two (2) bedroom mobile home. When the parties were able to purchase a new mobile home in 1990, both Plaintiff and Defendant agreed it was `our home' and the title of the new home was placed in the name of both Plaintiff and Defendant. Both were obligated on the mortgage to purchase this mobile home. Part or all of the equity in this mobile home, at the time of the divorce, is a marital asset.
 A spouse can change separate property into marital property by the spouse's own action. Defendant did trace the use of his separate property in 1994 to pay the balance owed on the new mobile home mortgage, but the Court finds that Defendant intended this as a gift to Plaintiff. Defendant knew the mobile home was titled in both names, considered it `our home', and knew that it was the marital home and a marital asset.
 Paying off the mortgage on the mobile home, leaving it free and clear of all encumbrances, occurred approximately four (4) years prior to the filing of this divorce by the parties. The Court finds when the gift was made, the parties had no intentions of divorcing, or at least failed to express any intention of divorcing. Defendant had always kept his separate money in a separate bank account to which Plaintiff had no access. He kept the money he wanted to remain separate property in that account and it was never used for any other living expenses of the parties. Defendant wanted the remainder of his separate property to remain separate and the remaining balance of his timber money in the account remains the separate property to which he is entitled. Defendant, however, elected to make a gift of some of his separate money to the Plaintiff by paying off the mortgage on the marital home. For this reason, the entire value of the mobile home is a martial asset to be divided.
 Based on the findings of the Court, the division of the property and debts as set forth in the Court's original Decision is reinstated."